NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1228

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 366266

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (board) as a level three sex offender and the board's denial of his motion for expert funds.  We affirm.

Background.  Relying on a police report and a Sexual Assault Intervention Network (SAIN) interview, the hearing examiner found the following facts.  In January 2011, Doe drove his daughter and his girlfriend's seven year old daughter ("victim 1") to a restaurant.  Victim 1 later told her mother that while in the car she fell asleep and awoke to pain in her vaginal area and noticed that her pants were undone.  Doe then took the girls to his home, where he touched victim 1 under her

clothes, spread her legs, showed her his penis, and showed her a video of her mother fellating him. During another car ride, Doe penetrated victim 1's vagina using his fingers while victim 1 attempted to push Doe's hand away and told him that he was hurting her. In May 2012, Doe was convicted of one count of dissemination to a minor of matter harmful to minors. See G. L. c. 272, § 28. Doe was acquitted on counts of rape of a child aggravated by age difference, rape of a child with force, open and gross lewdness, and reckless endangerment of a child.

Relying on another police report, the examiner found the following facts. In May 2015, a police officer stopped a vehicle driven by Doe. A second man sat in the front passenger seat, and an adult woman (victim 2) sat in the back seat. During the stop, victim 2 silently mouthed to the officer, "I need help." When the officer separated victim 2 from Doe and his other passenger, victim 2 cried and again asked the officer for help. Victim 2 told the officer that she was an addict and that, for three days, Doe had force-fed her drugs and forced her to have sex with men for money. Doe drove victim 2 to multiple hotels and forced her to perform sexual acts on multiple individuals. Victim 2 never received money. Instead, Doe "compensated" her with heroin. Victim 2 feared for her life because Doe had taken her driver's license and cell phone and

told her that if she tried to run away, he would kill her and her entire family.  In June 2016, Doe was convicted of one count of deriving support from prostitution in violation of G. L. c. 272, § 7, and one count of trafficking of a person for sexual servitude, in violation of G. L. c. 265, § 50 (a).  Doe received a five-to-eight-year prison sentence on the latter conviction, and a concurrent four-to-five-year sentence on the former conviction.

In December 2019, the board's hearing examiner conducted a de novo hearing.  In January 2020, the examiner found that Doe presented a high risk to recidivate and a high degree of dangerousness and ordered him to register as a level three sex offender.  Doe filed a motion to vacate the decision in order to address his motion for expert funds.  Doe's motion was allowed, and the board issued an amended decision denying his motion for expert funds and again classifying him as a level three sex offender.  Doe sought judicial review pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14, and a judge of the Superior Court affirmed the board's decision.

Discussion.  When reviewing the board's decision, we will not alter the decision unless it was

> "(a) in violation of constitutional provisions; (b) in excess of [the board's] authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by

3

the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014) (Doe No. 68549), citing G. L. c. 30A, § 14 (7).  "The court must 'give due weight to [the board's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it.'"  Doe No. 68549, supra at 109, quoting G. L. c. 30A, § 14 (7).

1.  Reliance on hearsay.  Doe asserts that the hearing examiner erred by relying on a police report and SAIN interview notes to make findings about Doe's sexual abuse of victim 1.

"The range of evidence that may be considered by hearing examiners is not limited by the same rules of evidence that apply in court proceedings; hearing examiners may exercise their discretion to admit and give probative value to evidence 'if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.'"

Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26 (2021) (Doe No. 339940), quoting G. L. c. 30A, § 11 (2).  "The lack of criminal conviction does not render information contained within a police report inadmissible in an administrative proceeding."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 90 (2019) (Doe No. 523391).  "Hearsay

4

evidence bearing indicia of reliability constitutes admissible and substantial evidence." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 638 (2011) (Doe No. 10800). Indicia of reliability include a high degree of detail, independent corroboration, general plausibility and consistency, and a lack of motive to fabricate a story. See Doe No. 523391, supra at 89-90.

Here, victim 1's statements in the police report were highly specific, detailed, and repeated in two separate SAIN interviews. Victim 1 recounted where the sexual abuse occurred, where she and Doe were driving when it occurred, that Doe stopped for liquor during the drive, and that Doe bought her a Justin Bieber T-shirt and Tinkerbell boots. Victim 1's statements were also corroborated, as her mother recalled victim 1 receiving the shirt and boots at the time. Moreover, Doe was convicted on the dissemination of matter harmful to minors count. Doe contends that victim 1's accounts of the sexual abuse were inconsistent because, in a subsequent SAIN interview, she provided details of additional sexual abuse by Doe, after she initially claimed that there was no other abuse. We disagree. The examiner was not required to accept Doe's argument that victim 1 was not credible because she provided further details of sexual abuse at a follow-up SAIN interview.

5

Moreover, victim 1 had no apparent motive to fabricate a story, nor does Doe argue that she had one. Doe was the father of victim 1's two year old half-sister, and, prior to the sexual abuse, victim 1 had enjoyed spending time with Doe. Thus, we conclude that the examiner did not abuse her discretion by relying on the challenged hearsay evidence.[1] See Doe No. 339940, 488 Mass. at 26-27.

2. Factor 2. Doe argues that the examiner erred by applying the full aggravating weight for repetitive and compulsive behavior (factor 2) because Doe's prostitution-related convictions were "financially driven" and not "sexual in nature." The examiner may only apply the "full aggravating weight" of factor 2 if the sex offender reoffends after being "'charged with or convicted of a sex offense.'" Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 741 (2019), quoting 803 Code Mass. Regs. § 1.33(2) (2016).

In 2012, Doe was convicted, under G. L. c. 272, § 28, of disseminating to a minor matter harmful to a minor, which is a

---

[1] While the board is not required to submit trial transcripts in classification proceedings, we note that doing so would resolve doubts arising from the examiner's reliance on hearsay statements contained in police reports, particularly those hearsay statements related to offenses of which a petitioner was thereafter acquitted.

sex offense.  See G. L. c. 6, § 178C (enumerating sex offenses).

In 2016, after serving two and one-half years in a house of

correction, Doe was convicted, under G. L. c. 265, § 50, of

trafficking a person for sexual servitude.  "Pimping" is defined

as a sex offense under the Static-99R rules.  See G. L. c. 6,

§ 178C.  Thus, the examiner did not err by applying the full

aggravating weight of factor 2.

3.  Classification determination.  When reviewing a

classification decision by the board, we "must determine whether

the decision is supported by substantial evidence" (citation

omitted).  Doe No. 10800, 459 Mass. at 632.  "A hearing examiner

has discretion . . . to consider which statutory and regulatory

factors are applicable and how much weight to ascribe to each

factor."  Doe No. 68549, 470 Mass. at 109-110.  "'Substantial

evidence' is 'such evidence as a reasonable mind might accept as

adequate to support a conclusion.'"  Id. at 109, quoting G. L.

c. 30A, § 1 (6).  Classifying an offender as level three

requires the hearing examiner to establish by clear and

convincing evidence that "'the risk of reoffense is high and the

degree of dangerousness posed to the public is such that a

substantial public safety interest is served by active

dissemination' of the offender's registration information."

Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry

<u>Bd</u>., 490 Mass. 759, 768 (2022), quoting G. L. c. 6, § 178K (2) (<u>c</u>).

Doe contends that his history of criminal offenses did not present a high risk that he would recidivate sexually because his first conviction was for a noncontact offense and his most recent convictions were for nonsexual offenses. As we have already rejected the latter contention, see section 2 <u>supra</u>, we evaluate Doe's argument that his history of sex offenses did not present a high risk of sexual recidivism.

The examiner properly found that Doe engaged in repetitive and compulsive behavior by offending against victim 1, an extrafamilial, child victim and then, after being convicted of that sex offense, committing a second sex offense against victim 2, a stranger adult victim. Repetitive and compulsive behavior and an adult offending against a child victim are high-risk factors. See 803 Code Mass. Regs. § 1.33(2), (3) (2016). Offending against extrafamilial victims is a risk-elevating factor. See 803 Code Mass. Regs. § 1.33(7)(a)(2) (2016). Doe also threatened to kill victim 2 and her family if she attempted to run away from him. See 803 Code Mass. Regs. § 1.33(8) (2016). Doe's risk of reoffense was also elevated by his offense against victim 1, an extravulnerable seven year old, whom he forced to watch pornography and whose vagina he

8

digitally penetrated.  See 803 Code Mass. Regs. § 1.33(18), (19)(2016).  Further, Doe committed a diverse array of sex offenses against a diverse group of victims.  See 803 Code Mass. Regs. § 1.33(20), (21) (2016).  The hearing examiner also properly considered elevating factors related to Doe's history of violence, including nonsexual violent crimes and nonsexual violent disciplinary reports during his incarceration.  See 803 Code Mass. Regs. § 1.33(10), (11), (12) (2016).

The examiner exercised her discretion by weighing these factors against risk-mitigating factors, including Doe's engagement with sex offender treatment and Doe's mother's support for his rehabilitation.  See 803 Code Mass. Regs. § 1.33(32), (33) (2016).  We conclude that the examiner did not abuse her discretion by classifying Doe as level three.  See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 62 (2010) ("there is nothing in the statute or regulations that requires the board to treat mitigating conditions of release as superseding other aggravating factors").

4.  Internet publication.  "Internet publication depends not only on the probability of reoffense and the danger posed by that potential reoffense, but also on the efficacy of online publication in protecting the public from being victimized by

9

the offender." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 654 (2019). "Internet publication will almost invariably serve a public safety interest by notifying potential victims of the risks presented by the offender in their geographic area." Id. at 655. The examiner is required "to ask whether, in light of the particular risks posed by the particular offender, Internet access to that offender's information might realistically serve to protect the public against the risk of the offender's sexual reoffense." Id.

Doe asserts that the examiner failed to make findings that Internet publication of Doe's offender status would serve the public interest. To the contrary, the examiner made findings related to the particular risks posed by Doe and the public safety interest that Internet publication would serve. The examiner emphasized that Doe has demonstrated that he can offend against both children and adults, creating a "vast pool" of potential victims. Further, Doe's then-ongoing violent behavior while in prison suggested that Doe would not make concerted efforts to change his behavior. For these reasons, the examiner did not abuse her discretion by concluding that Internet dissemination of Doe's registry information was necessary in

order to protect future victims. See Doe No. 496501, 482 Mass. at 655.

   5. Denial of expert funds. "The hearing examiner . . . has discretion to deny expert funds to indigent sex offenders who offer expert opinion on factors that the board's regulations already require the hearing examiner to consider." Doe, Sex Offender Registry Bd. No. 234076 v. Sex Offender Registry Bd. 484 Mass. 666, 670 (2020). "When moving for expert funds, indigent sex offenders must 'identify and articulate the reason or reasons, connected to a condition or circumstance special to [them], and, separately, 'general motion[s] for funds to retain an expert to provide an opinion on the sex offender's risk of reoffense, without more, would . . . be insufficient'" (citation omitted). Id. The articulated purpose must "assist[] the hearing examiner in analyzing the factors" that bear on sexual recidivism. See Doe, Sex Offender Registry Bd. No. 15606 v. Sex Offender Registry Bd., 452 Mass. 784, 794 (2008) (Doe No. 15606).

   Doe asserts that the examiner abused her discretion by denying Doe's motion for expert funds for the purpose of evaluating how the "financially driven" nature of his prostitution-related offenses impacted Doe's risk to recidivate sexually. As we have already concluded, see section 2 supra, an

11

offender commits a sexual offense when he traffics a person for sexual servitude, "regardless of the motivation of [his] conduct." Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 612 (2013) (Cordy, J., concurring). Because Doe's motivation for committing the sexual offense was irrelevant, an expert could not have assisted the examiner in analyzing Doe's likelihood to reoffend. Thus, the examiner did not abuse her discretion by concluding that Doe did not articulate a reason, connected to a circumstance specific to Doe, that the motion for expert funds would have assisted the examiner in analyzing Doe's likelihood to reoffend sexually. See Doe No. 15606, 452 Mass. at 794.

Judgment affirmed.

By the Court (Englander, Hershfang & Brennan, JJ.[2]),

Paul Little

Clerk

Entered: January 31, 2025.

---

[2] The panelists are listed in order of seniority.

12